1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2014 FEB 10 PM 3: 42

A. MARPLE
CLERK

CHRIS BOUSLOG 3087-0
Law Offices of Chris Bouslog
Four Waterfront Plaza, Suite 480
500 Ala Moana Boulevard
Honolulu, Hawaii 96813-4908
Telephone: (808) 550-4995

Attorney for Plaintiff
KELLY JEANNE MITCHELL

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KELLY JEANNE MITCHELL, <br><br> Plaintiff, <br><br> vs. <br><br> SAFEWAY, INC. dba SAFEWAY, KAISER FOUNDATION HOSPITALS, JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL ENTITIES 1-10, and DOE UNINCORPORATED ASSOCIATIONS 1-10, <br><br> Defendants. | CIVIL NO. 14-1-0219-01 KTN <br> (Other Non-Vehicle Tort) <br><br> **FIRST AMENDED COMPLAINT; SUMMONS TO ANSWER CIVIL COMPLAINT** |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT A

## FIRST AMENDED COMPLAINT

Plaintiff KELLY JEANNNE MITCHELL (sometimes hereinafter referred to as "Ms. Mitchell" or "Plaintiff") by and through her undersigned attorney, for a first amended complaint alleges as follows:

### COUNT I:

1. Plaintiff Mitchell is a resident of the City and County of Honolulu, State of Hawaii.

2. At all times mentioned herein, Defendant SAFEWAY, INC. dba SAFEWAY (hereinafter referred to as "Safeway") was and is now a Delaware corporation, partnership and/or other business entity duly organized and existing under and by virtue of the laws of the State of Delaware which owned, managed and/or operated retail grocery businesses in the City and County of Honolulu, State of Hawaii and which was duly authorized to conduct business activities in Honolulu, State of Hawaii.

3. At all times mentioned herein, Defendant KAISER FOUNDATION HOSPITALS (hereinafter referred to as "Kaiser") was and is now a California corporation, partnership and/or other business entity duly organized and existing under and by virtue of the laws of the State of California which owned, managed and/or operated a service-type hospital and medical care program in the City and County of Honolulu, State of Hawaii and which was duly authorized to conduct business activities in the State of Hawaii.

4. The true names, identities or capacities, whether individual, corporate, associate, partnership, representative or otherwise of Defendants John Doe 1 through John Doe 10, DOE Corporations 1-10, DOE Partnerships 1-10, DOE Governmental Entities 1-10 and DOE Unincorporated Associations 1-10, and their involvement herein are unknown to Plaintiff who, therefore,

2

sue said Defendants by such fictitious names, and Plaintiff will seek leave of Court to amend her pleading to set forth the true names and capacities of such fictitiously named Defendants when the same become known to her. Plaintiff is informed and believe, and thereon allege, that each of the Defendants designated herein by a fictitious name acted in some manner negligently, intentionally, wantonly, willfully, recklessly, maliciously and with conscious disregard of the consequences of their acts and is in some manner responsible and/or strictly liable for the acts, conducts, omissions and failures as hereinafter alleged concerning the events and happenings herein referred to, and that said acts, conducts, omissions and failures, whether negligent, intentional, wanton, willful, reckless, malicious, or with conscious disregard of the consequences of their acts, directly and proximately caused injury and damage to Plaintiff as herein alleged and otherwise.

5.   Plaintiff has made a diligent and good faith effort to ascertain the full name, identity and interest in this action of Defendants John Does 1-10, DOE Corporations 1-10, DOE Partnerships 1-10, DOE Governmental Entities 1-10 and DOE Unincorporated Associations 1-10, including but not limited to the following: investigative efforts to locate other persons and entities which may have contributed to causing this accident and identifying their roles with the respect to same.

6.   At all times mentioned herein, Defendant Safeway owned, controlled, occupied, were the lessees of, constructed, managed, repaired, maintained and/or operated a retail grocery sales business located on 46-605 Kamehameha Highway in Kaneohe, Hawaii, and its common areas, shopping aisles and walkways.

7.   On or about January 28, 2012, Plaintiff Mitchell was an invitee on the premises of the Kaneohe Safeway when she slipped on the flooring in a freezer aisle (the "accident site" hereinafter) and fell.

8. On or about January 28, 2012, and prior thereto, several dangerous and unsafe conditions existed at the accident site, including, but not limited to an area of the flooring coated with an unreasonably dangerous slippery liquid substance, an unreasonably slippery and/or otherwise unsafe walking surface, inadequate and/or non-existent non-slip material and/or a lack of warning signs.

9. On or about January 28, 2012, Defendant Safeway knew or should have known that said dangerous and unsafe conditions existed at the accident site.

10. Defendant Safeway had a duty to provide reasonably safe ingress and egress into and within its commercial space, to properly construct the accident site, to inspect said accident site and the surrounding common areas and to maintain the accident site and/or the surrounding common areas in proper repair, maintenance and in safe condition, to prevent unreasonable accumulations of slippery substances and to warn Plaintiff and others of any dangerous and unsafe conditions at the accident site.

11. The above-mentioned accident and the injuries and damages suffered by Ms. Mitchell were directly and proximately caused by the negligence, mode of operations, strict liability and breach of warranty of Defendant Safeway including but not limited to its negligence in controlling, inspecting, constructing, repairing, managing and/or maintaining the accident site, its failure to provide a reasonably safe walking surface, its failure to maintain the walking surfaces of its store in reasonably safe condition, and its failure to warn Plaintiff and others of the dangerous and unsafe conditions present at the accident site.

12. As a direct and proximate result of Defendant Safeway's negligence, unreasonably dangerous mode of operations, strict liability and breach of warranty, Plaintiff Mitchell has sustained serious and permanent injuries of body and mind, has lost and will continue to lose wages, has incurred and will continue to incur medical, hospital and related expenses.

**COUNT II:**

13. Plaintiff repeats and realleges the allegations contained in Count I.

14. At all times mentioned herein, Defendant Kaiser owned, controlled, occupied, were the lessees of, constructed, managed, repaired, maintained and/or operated a operated a service-type hospital and medical care program in the City and County of Honolulu, State of Hawaii located on 3288 Moanalua Road in Honolulu, Hawaii, including its patient hospital rooms and equipment.

15. On or about March 23, 2012, Plaintiff Mitchell was an invitee on the premises of the Moanalua Kaiser Hospital visiting her mother when she slipped in a viscous fluid on the flooring (the "accident site" hereinafter) and fell.

16. On or about March 23, 2012, several dangerous and unsafe conditions existed at the accident site, including, but not limited to an area of the flooring coated with an unreasonably dangerous slippery liquid substance, an unreasonably slippery and/or otherwise unsafe walking surface, inadequate and/or non-existent non-slip material and/or a lack of warning signs.

17. On or about March 23, 2012, Defendant Kaiser knew or should have known that said dangerous and unsafe conditions existed at the accident site.

18. Defendant Kaiser had a duty to provide a reasonably safe walking surface within its hospital rooms, to inspect said accident site and the surrounding common areas and to maintain the accident site in proper repair, maintenance and in safe condition, to prevent unreasonable deposits of slippery substances and to warn Plaintiff and others of any dangerous and unsafe conditions at the accident site.

19. The above-mentioned accident and the injuries and damages suffered by Ms. Mitchell were directly and proximately caused by the negligence, mode of operations, strict liability and breach of warranty of Defendant Kaiser including but not limited to its negligence in controlling, inspecting, constructing, repairing, managing and/or maintaining the accident site, its failure to provide a reasonably safe walking surface, its failure to maintain the walking surfaces of its store in reasonably safe condition, and its failure to warn Plaintiff and others of the dangerous and unsafe conditions present at the accident site.

20. As a direct and proximate result of Defendant Kaiser's negligence, unreasonably dangerous mode of operations, strict liability and breach of warranty, Plaintiff Mitchell has sustained serious and permanent injuries of body and mind, has lost and will continue to lose wages, has incurred and will continue to incur medical, hospital and related expenses.

WHEREFORE, Plaintiff prays upon a hearing hereof that she have judgment against Defendants, jointly and severally, awarding them the following relief:

A. General and special damages in amounts which shall be determined at trial but which amounts exceed the minimum jurisdictional limits of the above-entitled Court;

B.	Cost of suit herein;

C.	Prejudgment interest from the date of Plaintiff's injuries and damages;

D.	Post judgment interest;

E.	Attorneys' fees; and,

F.	Such other and further relief as this Court may deem just and proper.


DATED: Honolulu, Hawaii, February 10, 2014.

CHRIS BOUSLOG
Attorney for Plaintiff
KELLY JEANNE MITCHELL

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KELLY JEANNE MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC. dba SAFEWAY, KAISER FOUNDATION HOSPITALS, JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL ENTITIES 1-10, and DOE UNINCORPORATED ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. 14-1-0219-01 KTN<br>(Other Non-Vehicle Tort)<br><br>**SUMMONS TO ANSWER CIVIL COMPLAINT** |

### SUMMONS TO ANSWER CIVIL COMPLAINT

STATE OF HAWAII

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to file with the Court and serve upon Law Offices of Chris Bouslog, Plaintiff's attorneys, whose address is Four Waterfront Plaza, Suite 480, 500 Ala Moana Boulevard, Honolulu, Hawaii 96813-4908, an answer to the First Amended Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the First Amended Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

DATED: Honolulu, Hawaii, _____ FEB 1 0 2014 _____.

A. MARPLE (SEAL)
CLERK OF THE ABOVE-ENTITLED COURT

---

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

---

Civil No. 14-1-0219-01 KTN; MITCHELL v. SAFEWAY, et al.; "SUMMONS TO ANSWER CIVIL COMPLAINT"

2